UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED NATIONAL INSURANCE COMPANY, a Pennsylvania Insurance Company,<br><br>      Plaintiff,<br><br>vs.<br><br>GUNDERSON, INC., an Oregon Corporation; DAVIS-FROST, INC., a Minnesota Corporation,<br><br>      Defendants. | Court File No. 0:08-cv-678 (MJD/JJK)<br><br>**MEMORANDUM OF DEFENDANT GUNDERSON, INC. IN SUPPORT OF MOTION TO DISMISS DAVIS-FROST AND SUBSTITUTE GUNDERSON** |

## I. INTRODUCTION

As a result of a recent *Miller-Shugart* Settlement Agreement (the "Settlement Agreement") entered into between Gunderson, Inc. ("Gunderson") and Davis-Frost, Inc. ("Davis-Frost"), no actual controversy remains between Davis-Frost and its insurer United National Insurance Company ("United National"). Accordingly, the Court lacks subject-matter jurisdiction over Davis-Frost, and Davis-Frost should be dismissed as a party with Gunderson substituted in its place.

## II. FACTUAL BACKGROUND

This dispute between Gunderson, Davis-Frost, and Davis-Frost's insurer United National Insurance Company arises out of Gunderson's manufacture and sale of railcars to its customers between August 2000 and February 2001. (Summary Judgment Order, Docket No. 99, at 2.) Those railcars were painted by Gunderson with Davis-Frost paint. (*Id.*) After being placed into service, the paint started to blister, bubble, and crack,

exposing the metal substrate of the railcars to conditions causing rust and corrosion. (*Id.* at 3.) Gunderson settled the claims of its customers for $1.3 million in the aggregate. (*Id.*) Gunderson then sued Davis-Frost in Federal District Court in Oregon (the "Underlying Action"). (*Id.* at 4.) The jury returned a $1.3 million verdict, and Gunderson obtained a $1,321,274.09 Judgment against Davis-Frost ("the Judgment"). (*Id.*) Davis-Frost appealed to the United States Court of Appeals for the Ninth Circuit.

For the two policy periods between July 29, 2000 and July 29, 2002, United National insured Davis-Frost under Commercial General Liability and Commercial Umbrella policies. (*Id.* at 5.) Travelers Indemnity Company and American International Specialty Lines Insurance Company insured Davis-Frost for later policy periods. In the Underlying Action, Travelers and AISLIC defended Davis-Frost jointly. United National, however, refused to enter into an agreement with the other carriers and instead provided Davis-Frost with an independent defense. United National also denied any obligation to indemnify Davis-Frost for the Judgment.

Shortly after the verdict and entry of Judgment, United National brought this declaratory-judgment action against Davis-Frost, also naming Gunderson as a defendant. In this coverage action, United National seeks a declaration that United National's policies do not cover the Judgment. (United National's Second Amended Complaint, Docket 48, at pg. 12, ¶¶ 1-4.) United National also seeks reimbursement of certain attorneys fees and defense costs incurred for the defense of Davis-Frost in the underlying action. (*Id.*, ¶ 6.) Davis-Frost answered and counterclaimed for breach of contract and declaratory relief. (Davis-Frost's Answer to United National's Second Amended

Complaint, Docket No. 60.) United National subsequently brought a motion for summary judgment, seeking judgment as a matter of law on the basis of several of its claimed coverage defenses, but the Court denied that motion, concluding that genuine issues of material fact precluded summary judgment. (Summary Judgment Order, Docket No. 99.)

After an unsuccessful global Settlement Conference held on September 4, 2009, (Order, Docket No. 93), Gunderson and Davis-Frost began to discuss potential settlement of the Underlying Action.  Those settlement negotiations were fruitful, and after giving notice to United National and asking United National to accept Gunderson's settlement demand, Davis-Frost entered into the Settlement Agreement with Gunderson. (Affidavit of Bryan R. Freeman ("Freeman Aff.") Ex. A.)  Pursuant to the December 10, 2009, Settlement Agreement, Gunderson released Davis-Frost from Gunderson's underlying claims, resulting in the dismissal of the Underlying Action, and Davis-Frost assigned its insurance rights and claims against United National under the United National policies to Gunderson, in addition to other consideration.  (*Id.*, ¶ 6.)

As a result of the terms of the Settlement Agreement, for purposes of this insurance-coverage action Gunderson, as assignee, now stands in Davis-Frost's shoes. Gunderson therefore moves the Court for an order dismissing Davis-Frost from the action and substituting Gunderson in its place, as both defendant and counterclaim plaintiff.

### III.  ARGUMENT

### A.  There Must Be An "Actual Controversy" Between United National and Davis-Frost For The Court To Retain Jurisdiction Over Davis-Frost.

United National's Second Amended Complaint against Davis-Frost seeks declaratory relief under the Declaratory Judgment Act. (United National's Second Amended Complaint, Docket No. 48, pgs. 2, 12-13.) To satisfy the jurisdictional requirements of the Declaratory Judgment Act, a case must present an "actual controversy" that is ripe for decision. *See* 28 U.S.C. § 2201; *Carlson Holdings, Inc. v. NAFCO Ins. Co.*, 205 F.Supp.2d 1069, 1074 (D. Minn. 2000).

An "actual controversy" exists if the facts alleged show that there is a "substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Carlson*, 205 F.Supp.2d at 1074. In the same way, under Minn. Stat. § 555.11, "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim an interest which would be affected by the declaration . . . ."  If a party does not have a claim or interest that would be effected by the declaration, the party is not a proper party to a declaratory judgment action, and should be dismissed. *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993) (recognizing that a live controversy must exist throughout the litigation and not only when the action is filed).

### B.  As A Result Of Davis-Frost's Settlement With Gunderson, There Is No "Actual Controversy" Between Davis-Frost and United National.

There is no longer an actual controversy between United National and Davis-Frost. Pursuant to the terms of the Settlement Agreement, Davis-Frost and Gunderson

fully and finally resolved Gunderson's claims against Davis-Frost, agreeing that "Gunderson will have no past, present or future claims, demands, obligations, damages, actions, causes of action . . . against Davis-Frost for matters which were or could have been alleged in the Underlying Action." (*Id.*, ¶ 15.) Furthermore, under the Settlement Agreement, "Gunderson agree[d] to defend, indemnify and hold Davis-Frost harmless for any and all claims" by United National against Davis-Frost "with respect to the United National Policies." (*Id.*, ¶ 16.)

In exchange for this consideration, Davis-Frost promised to make certain settlement payments in partial satisfaction of the Judgment. (*Id.*, ¶ 2.) In addition, Davis-Frost assigned its insurance rights and claims against United National to Gunderson. Specifically, Davis-Frost "assign[ed] to Gunderson all rights, claims, and/or causes of action against United National relating to or arising from United National's refusal to indemnify Davis-Frost" for the Judgment. (*Id.*, ¶ 6.)

Under the Settlement Agreement, Gunderson is required to move the Court "for an order dismissing Davis-Frost as a party and substituting Gunderson for Davis-Frost." (*Id.*, ¶ 16.) Gunderson and Davis-Frost further agreed that "Gunderson shall proceed in its own name in [this insurance coverage] Action, and as assignee of the rights of Davis-Frost, to sue through garnishment or other legal remedies as my exist to seek satisfaction of the unsatisfied portion of the Judgment and all other amounts that would have been recoverable by Davis-Frost against United National." (*Id.*, ¶ 6.)

As a result of the terms of the Settlement Agreement, Gunderson—as assignee—stands in Davis-Frost's shoes for purposes of resolving the rights and responsibilities of

United National under the insurance policies that it issued to Davis-Frost. Indeed, the very purpose of *Miller-Shugart* is to permit the release of an unprotected policyholder and allow the underlying claimant to proceed directly against the insurer. *See Miller v. Shugart*, 316 N.W.2d 729, 733-34 (Minn. 1982).

A continuing, live, and justiciable dispute does exist between Gunderson and United National, but because Davis-Frost has transferred its insurance rights and claims vis-à-vis United National to Gunderson, Davis-Frost no longer has an interest or substantive stake in this insurance-coverage dispute. *See Medmarc Cas. Ins. Co. v. ELA Medical, Inc.*, 419 F.Supp.2d 1112 (D. Minn. 2006) (vacated only in part) (granting the underlying claimant's motion to dismiss because the claimant had "settled its underlying claim in full and no longer h[ad] an interest in the coverage and indemnification dispute" that remained); *Corn Plus Co-op v. Continental Cas. Co*, 444 F.Supp.2d 981, 984, 987 (D. Minn. 2006) (recognizing the procedure whereby as a result of a *Miller-Shugart* agreement, the policyholder is dismissed and underlying claimant substituted for the policyholder so that the actual controversy between the policyholder and insurer can be resolved). Accordingly, United National no longer has reason or right to seek a declaration that it owes no coverage to Davis-Frost for the Underlying Judgment.[1] No

---

[1] Insofar as United National maintains that an "actual controversy" remains between United National and Davis-Frost as a result of United National's disputed claim for reimbursement of certain attorneys fees, (*see* United National's Second Amended Complaint, Docket No. 48, at pg. 13, ¶ 6), no actual controversy exists between United National and Davis-Frost as a result of the indemnification terms of the Settlement Agreement.  (*See* Freeman Aff., Ex. A, at ¶ 16.)

interest of Davis-Frost will be affected by the insurance-coverage declaration eventually handed down by the Court.

Because no actual controversy remains between Davis-Frost and United National, the Court lacks jurisdiction over Davis-Frost, and Davis-Frost should be dismissed as a party.

### C. As The Assignee of Davis-Frost's Insurance Rights, Gunderson Should Be Substituted For Davis-Frost In This Action.

Fed. R. Civ. P. 25(c) permits the substitution of parties where there has been a transfer of interest between two parties. Substitution is proper as a result of an assignment of causes of action. For example, in *Fischer Bros. Aviation, Inc. v. NWA*, 117 F.R.D. 144 (D. Minn. 1987), the plaintiff corporation assigned its anti-trust claims to its four shareholders. *Id.* at 145. As a result of the assignment, the plaintiff corporation moved the court to substitute the shareholders for the corporation in the pending action pursuant to Rule 25(c). *Id.* The Court granted the motion, concluding that as a result of the assignment, substitution of the shareholders for the corporation under Rule 25(c) was warranted. *Id.* at 146.

Here, Davis-Frost has transferred its interest in the United National policies and causes of action against United National in relation to those policies to Gunderson. Gunderson now stands in Davis-Frost's shoes vis-à-vis United National. As a result, Gunderson should properly be substituted for Davis-Frost as defendant and counterclaim plaintiff in this insurance-coverage action.

## IV. CONCLUSION

Because there is no longer an actual controversy between United National and Davis-Frost, Davis-Frost should be dismissed with prejudice from this action, and Gunderson, as assignee, should be substituted for Davis-Frost.

Dated:  January 4, 2010

**LINDQUIST & VENNUM P.L.L.P.**

By  s/ Bryan R. Freeman_____
Thomas C. Mielenhausen (Reg. # 160325)
tmielenhausen@lindquist.com
Bryan R. Freeman (Reg. # 0387154)
bfreeman@lindquist.com

4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 371-3211
(612) 371-3207 (facsimile)

and

Michael R. Seidl
LANDYE BENNETT BLUMSTEIN, LLP
1300 SW Fifth Avenue, Suite 3500
Portland, OR  97201
(503) 224-2247

**ATTORNEYS FOR DEFENDANT GUNDERSON, INC.**